UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS Z. MORALES,<br>　　　　Petitioner,<br>　　　　v.<br>STUART SHERMAN, Warden,<br>　　　　Respondent. | NO. CV 18-7695-SVW (AGR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state inmate, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court therefore orders Petitioner to show cause on or before **October 11, 2018** why the court should not recommend dismissal of the petition with prejudice as untimely.

# I.

# **PROCEDURAL BACKGROUND**

Petitioner argues that the prosecution breached his 1981 plea agreement. According to the Abstract of Judgment dated December 15, 1981, Petitioner was convicted of two counts of robbery pursuant to a plea and sentenced to four years in prison. (Petition at 2, 19.)[1] Petitioner does not indicate that he appealed or otherwise challenged his 1981 convictions.

Petitioner contends that the breach occurred "when the 1981 prior plea agreement was used to enhance petitioner's present sentence to 35 years to life in prison." (*Id.* at 26.) Petitioner alleges that his current sentence is based on his 2009 convictions. (*Id.* at 2.) The court takes judicial notice of Petitioner's prior habeas petition before this court, *Morales v. Paramo*, CV 12-6229 DMG (OP) ("*Morales I*"). In *Morales I*, Petitioner challenged his 2009 convictions, after jury trial, for attempted second degree robbery, four counts of impersonation of a public officer, two counts of petty theft, and grand theft. The Superior Court sentenced Petitioner to 35 years to life under California's Three Strikes Law. (Petition at 2; Report and Recommendation at 2, Dkt. No. 22 in *Morales I*.) According to the Los Angeles County Superior Court's online docket, the sentence was imposed on March 12, 2009. (*See* www.lacourt.org, criminal case summary search for case no. VA106793.) Petitioner attaches transcript pages from the 2009 sentencing hearing indicating that the court imposed a three-strike sentence after finding two prior strikes. (Petition at 20-22.)

On November 18, 2016, the Superior Court denied a petition for writ of habeas corpus. (*Id.* at 39-40.) On December 5, 2016, Petitioner filed a petition for writ of mandate/ prohibition before the California Supreme Court. On December 27, 2016, the California Supreme Court transferred the petition to the

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.

California Court of Appeal. *Morales v. Superior Court*, 2016 Cal. LEXIS 10215 (2016) (Case No. S238776). On January 12, 2017, the California Court of Appeal denied the petition. (Petition at 1-2, 41 (Case No. B27951).) On March 15, 2017, the California Supreme Court denied a petition for writ of mandate. *Morales v. Superior Court*, 2017 Cal. LEXIS 1838 (2017) (Case No. S239889).

On August 28, 2018, Petitioner constructively filed the current Petition for Writ of Habeas Corpus. (Petition, back of envelope.) The Petition appears to raise a single ground for relief based on breach of the 1981 plea agreement. (Petition at 5, 26, 32.) Petitioner may also be arguing ineffective assistance of counsel for failing to advise that the plea bargain in 1981 could later be raised to his prejudice at a later date. (*Id.* at 30, 32-33).[2]

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

---

[2] The court does not construe the Petition as a challenge to his 2009 conviction. The Petition attaches an Order dated May 16, 2018, from the Ninth Circuit. That Order denied Petitioner's application for authorization to file a second or successive petition to the extent he sought to challenge his 2009 conviction. (Petition at 14.) The application was denied as unnecessary to the extent Petitioner sought to challenge his 1981 robbery convictions because the record did not reflect that he had previously filed a habeas petition challenging those convictions. Thus, to the extent Petitioner sought to file a habeas petition challenging the 1981 convictions, he "may file a habeas petition in the district court without obtaining prior authorization." (*Id.* at 15.)

The court takes judicial notice of Petitioner's prior habeas petition before this court in *Morales I*, CV 12-6229 BRO (OP), which challenged the 2009 conviction. On September 24, 2013, the court accepted the magistrate judge's recommendation, entered judgment dismissing *Morales I* with prejudice as untimely, and denied a certificate of appealability. (*Morales I*, Dkt. Nos. 22, 26-28.) On July 10, 2014, the Ninth Circuit denied a certificate of appealability. (*Morales I*, Dkt. No. 33.)

Petitioner filed a second habeas petition challenging the 2009 conviction in *Morales v. Sherman*, CV 17-4384 BRO (AGR) ("*Morales II*"). The court summarily dismissed the petition as successive, entered judgment and denied a certificate of appealability. (*Morales II*, Dkt. Nos. 3-5.) Petitioner's appeal remains pending.

3

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The Court must analyze the statute of limitations on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

**A.    The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner was sentenced on his 1981 conviction on December 11, 1981. (Petition at 19.) Petitioner does not contend that he appealed the 1981 convictions, and the court has not located any such appeal. For convictions that became final prior to the AEDPA's effective date of April 24, 1996, the statute of limitations expired on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

**1.    Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to statutory tolling because he does not contend that he filed any state habeas petitions challenging his 1981 convictions before expiration of the limitations period on April 24, 1997.

**2.    Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is

'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418.

The Petition does not indicate any basis for equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28 U.S.C. § 2244(d)(1)(D). The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); *see also Ford v. Gonzalez*, 683 F.3d 1230, 1236 (9th Cir. 2012) (finding statute of limitations began running no later than completion of trial when factual predicate of grounds for relief were present at trial).

Petitioner contends that the 1981 plea agreement was breached "when the 1981 prior plea agreement was used to enhance petitioner's present sentence to 35 years to life in prison." (Petition at 26, 32.) Petitioner attaches the sentencing transcript pages. (*Id.* at 20-22.)

Petitioner discovered the factual predicate for his claim of breach of the 1981 plea agreement no later March 12, 2009, the date of the sentencing hearing at which Petitioner alleges the breach occurred. *Nichols v. Fresno Court*, 2012 U.S. Dist. LEXIS 159859, *11-*12 (E.D. Cal. Nov. 6, 2012) ("limitations period begins to run on the date the petitioner learned of the breach or reasonably could have discovered the breach through the exercise of due diligence"). The one-year statute of limitations expired one year later on March 12, 2010. Petitioner did not constructively file the current Petition until August 28, 2018, over eight years after the limitations period expired.

Petitioner is not entitled to statutory tolling because his first state habeas petition was filed on November 18, 2016, after the limitations period expired.

Petitioner does not present any basis for equitable tolling.  The Petition appears to remain time barred.

### III.

### **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before *October 11, 2018,* Petitioner shall show cause why the court should not recommend dismissal of the petition with prejudice as barred by the statute of limitations.

**If Petitioner fails to respond to this order to show cause by October 11, 2018, the court will recommend that the Petition be dismissed based on expiration of the one-year statute of limitations.**

DATED: September 11, 2018

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge